IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

```
-------------------------------------- X
                                       :
Corey Lorenzo Woodfolk,                :
                 Plaintiff,            :        Case No.
                                       :
 -against-                             :
                                       :
Federal Bureau of Prisons,             :             02 - 0021
                 Defendant.            :
                                       :
-------------------------------------- X
```

**FILED**

JAN - 4 2002

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION & NOTICE OF MOTION FOR PRELIMINARY INJUNCTION

Named plaintiff, Corey Lorenzo Woodfolk, in propria persona, hereby requests the court to GRANT him a preliminary injunction against defendant during the pendency of [t]his suit.  This motion is filed in accordance with Federal Rule of Civil Procedure [FRCP] 65(a).  See attached MEMORANDUM IN SUPPORT OF THIS MOTION.

### A. Grounds in Support of this Motion

1.  Plaintiff argues that this requested preliminary injunction is necessary because (1)  plaintiff will surely continue to suffer irreparable injury where defendant has already implemented the reduction of [his] telephone use to (300) minutes per month absent compliance with the Federal Register Act, 44 U.S.C. § 1505(a), and the FOIA, 5 U.S.C. § 552(a)(1), and will continue its action that violate clearly established law and procedure; (2)  defendant will not suffer undue hardship because of the issuance of a preliminary injunction, nor will it sustain a loss of money; (3)  There is a substantial likelihood that plaintiff will prevail on the merits because absent compliance with the APA and the FOIA, an agency's action will be found arbitrary, capricious, and not in accordance with law; (4)  issuance of a preliminary injunction is in the public interest

because it will assure that agencies of the Government conform their actions to the rule of law — that is as any citizen of the U.S.    If the agencies of the Government [BOP] are allowed to by-pass the requirements imposed by Congress, its [agencies] actions do not express the will of the People; ergo, the public interest is affected.    Moreover, plaintiff's family, as well as the families of thousands of federal inmates are directly affected by this action of the (BOP) where it effectively reduces family correspondence and diminishes family ties.

### B. Acts sought to be enjoined

2.    Plaintiff asks that the court **ENJOIN** defendant from the continued implementation of its _new_ policy restricting/reducing [his] telephone use to (300) minutes per month.

3.    Plaintiff further asks that the court return plaintiff to the status quo that existed prior to the herein complained acts of defendant throughout the pendency of [t]his suit.    Before the implementation of this new policy, plaintiff enjoyed (150) fifteen minute telephone calls per month. See  National Policy Statement - 5264-06, and USP Lewisburg Institutional Supplement - 5264-07, August 2, 2000.

---

4.    Plaintiff will bring this motion on for hearing in the U.S. District Court, District of Columbia, on the _25th_ day of _November_ , 2001.

Dated:    November 20, 2001.

Respectfully submitted,

Corey Lorenzo Woodfolk
c/o Post Office Box 1000
Lewisburg, Pennsylvania [17837]

+/

2.

## DECLARATION UNDER PENALTY OF PERJURY

```
———————————————————— X
                              :
Corey Lorenzo Woodfolk,       :
              Plaintiff,      :        Case No.
                              :
    -against-                 :
                              :
Federal Bureau of Prisons,    :
              Defendant.      :
                              :
———————————————————— X
```

State of Pennsylvania  §
                          ss:
County of Union        §


    "I declare under penalty of perjury that the foregoing is true and correct."  28 U.S.C. § 1746.

**EXECUTED** on *November 20th* , 2001.

*Corey Lorenzo Woodfolk*
Corey Lorenzo Woodfolk
USP Lewisburg
c/o Post Office Box 1000
Lewisburg, Pennsylvania [17837]

3.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---------------------------------------- X
                                         :
Corey Lorenzo Woodfolk,                  :
                    Plaintiff,           :        Case No.
                                         :
  -against-                              :
                                         :
Federal Bureau of Prisons,               :
                    Defendant.           :
                                         :
---------------------------------------- X

PLAINTIFF'S MEMORANDUM IN
SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Plaintiff asks the court to GRANT a motion for preliminary injunction
against defendant.

A. Introduction

1.   Plaintiff is Corey Lorenzo Woodfolk; defendant is Federal Bureau of
Prisons.

2.   Plaintiff sued defendant for failure to comply with the requirements of
the APA and the FOIA, to wit, 5 U.S.C. § 552(a)(1) and 44 U.S.C. § 1505(a).

B. Facts

3.   In April of 2001, the federal penitentiary at Lewisburg, PA, initiated
a Bureau wide policy effectively reducing plaintiff's telephone use to (300)
minutes per month.   On August 20, 2001, plaintiff served upon defendant a
request for disclosure under the FOIA wherein this _new_ policy statement, id.,
had been promulgated in the Federal Register in accordance with 5 U.S.C. § 552
and 44 U.S.C. § 1505(a).   Defendant failed to respond to this FOIA request.

4.    On August 24, 2001, plaintiff was made aware that (no) new policy
statement reducing [his] telephone use to 300 minutes per month had been
promulgated in accordance with the aforestated authority.

5.    Plaintiff is immediately affected by the arbitrary actions of defendant.

## C. Argument

6.    Plaintiff seeks to enjoin defendant and (his/her/its) agents and representa-
tives during the pendency of this action from continuing the operation of the
policy statement reducing/restricting his telephone use to (300) minutes per
month because these actions are in direct violation of the APA and FOIA.  See
Checkosky v. S.E.C., 23 F.3d, at 493 (D.C.Cir. 1994) ( Agencies must conform
their actions to the APA. So must courts.).

7.    There is a substantial likelihood that plaintiff will prevail on the
merits.  U.S. v. Microsoft Corp., 147 F.3d 935, 943 (D.C.Cir. 1998).    Absent
strict compliance with the APA and FOIA, the agency's action will be found
arbitrary, capricious, and without observance of law and procedure.  See
Rollins Environmental Services v. U.S. E.P.A., 937 F.2d 649, 654 (D.C.Cir. 1991).
Specifically, defendant has failed to comply with the APA and FOIA where it
has not promulgated the new phone restrictions.

8.    If the court does not grant a preliminary injunction, defendant will con-
tinue its activities where the new telephone restrictions are already being
applied.  See  Farmland Dairies v. McGuire, 789 F.Supp. 1243, 1250 (S.D.N.Y. 1992)
( [I]njunction can be issued only to prevent existing or presently threatened
injuries.).

9.    Plaintiff will suffer irreparable injury if the court does not enjoin

defendant from using the _new policy_ statement that has restricted his

telephone use to 300 minutes per month because plaintiff will not be able

to retrieve the minutes previously available [2250]. See Sampson v. Murray,

415 US 61, 94 S.Ct. 937, 952-53 (1974); Hoechst Diafoil Co. v. Nan Ya

Plastics Corp., 174 F.3d, at 417 (4th Cir. 1999).

10.    Defendant will not suffer undue hardship or loss because of the is-

suance of a preliminary injunction, and the injunction will prevent irreparable

injury to plaintiff. , Pointedly, for hardship to be undue, it must necessari-

ly be that defendant has not -- through its own acts, instigated the restric-

tive measures to be taken.    Defendant by its own actions, have failed to

comply with law and procedure; and as much, cannot escape the ramifications

arising therefrom.    See  DSC Communications Corp. v. DGI Technologies, Inc.,

81 F.3d, at 600 (5th Cir. 1996) ( In order to obtain a preliminary injunction,

[a party is] required to demonstrate: (3) that the threatened injury to [it-

self] outweighs any damage the damages might cause to [the opposing party].).

11.    Issuance of a preliminary injunction is in the public interest/is not

against the public interest because it will ensure that Government agencies

must conform their actions to requirements imposed by Congress.   Plaintiff's

family, as well as the families of thousands of federal inmates are directly

affected by this action of the BOP/defendant which effectively reduces family

correspondence and diminishes family ties.    The public has a definite in-

terest in the requested injunction. See  Foundation on Economic Trends v.

Heckler, 756 F.2d 143, 151 (D.C.Cir. 1985) ( Under this circuit's long-stan-

ding test, the District Court should consider (4) the interests of the public.).

12.   Plaintiff asserts that the court may elect not to require security for an indigent.  See Wayne Chem., Inc. v. Columbus Agency Serv. Corp., 567 F.2d 692, 701 (7th Cir. 1977)(citing cases);  11A Wright, Miller & Marcus § 2954.   Plaintiff has proceeded via in forma pauperis in this action; thereby, attesting to his indigency.   Plaintiff requests that the preliminary injunction issue absent the posting of security, or that the bond be set at zero.  See Moltan Co. v. Eagle-Picher Indus., Inc., 55 F.3d 1171, 1176 (6th Cir. 1995).

13.   Plaintiff contends that there is no adequate remedy at law to redress the herein complained grievances.

14.   Plaintiff asks the court to set [his] request for preliminary injunction for hearing at the earliest possible time.

### D. Conclusion

15.   For these reasons, plaintiff asks the court to GRANT a preliminary injunction against defendant.

Dated:    November 20, 2001.

Respectfully submitted,

Corey Lorenzo Woodfolk
USP Lewisburg
c/o Post Office Box 1000
Lewisburg, Pennsylvania [17837]

+/

4.

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing document(s), to wit, MOTION & NOTICE OF MOTION FOR PRELIMINARY INJUNCTION with attached MEMORANDUM IN SUPPORT OF MOTION, upon the below named, by Certified U.S. Mail, Return Receipt, by placing same contents into a pre-paid postage envelope in the mail receptacle at USP Lewisburg, PA, on this _25th_ day of _November_, 2001.

Addressee:

Wilma A. Lewis, U.S. Attorney
U.S. Attorney's Office
Judiciary Center Bldg.
555 Fourth St., N.W.
Washington, DC 20001

Corey Lorenzo Woodfolk
USP Lewisburg
c/o Post Office Box 1000
Lewisburg, Pennsylvania [17837]